**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MEADE COMMUNITIES, LLC,
*Plaintiff*,

v.

JENNIFER A. ROGERS,
*Defendant*.

Case No. 1:25-cv-03905-ABA

**MEMORANDUM OPINION**

Plaintiff Meade Communities LLC ("Meade Communities") filed suit against Defendant Jennifer A. Rogers for breach of contract after Ms. Rogers allegedly failed to make timely rent payments to Meade Communities. Ms. Rogers has not responded to the complaint or filed a motion to vacate the Clerk's entry of default. Therefore, Meade Communities has filed a motion for default judgment to which Ms. Rogers has not responded. For the following reasons, the Court will grant the motion for default judgment.

## I. BACKGROUND[1]

Ms. Rogers is a civilian who currently occupies family housing owned and operated by Meade Communities. ECF No. 1 at ¶¶ 1–2. The housing unit in controversy is located on Fort Meade, Maryland, a military installation that is under exclusive federal jurisdiction. *Id.* at ¶ 3. On December 26, 2024 Ms. Rogers entered into a tenant

[1] When considering motions for default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

lease agreement with Meade Communities for a unit located at 1833 Patton Drive, #18334, Fort Meade, MD 20755. *Id.* at ¶ 2; ECF No. 1-3. Pursuant to their agreement, Ms. Rogers agreed to make monthly payments equal to the Basic Allowance for Housing ("BAH") rate[2] plus utilities in exchange for housing from Meade Communities. ECF No. 1-3 at 4. Ms. Rogers's rent during the dispute was $2,642 per month plus $17 for renters' insurance. ECF No. 1-4; ECF No. 9-3. The parties' agreement included a clause that enabled Meade Communities to charge a 5% late fee for every month that rent payments were late and allowed Meade Communities to evict Ms. Rogers if she was delinquent on her rent. ECF No. 1-3 at 17, 22. Meade Communities has not received any payments from Ms. Rogers after October 6, 2025. ECF No. 9-3. On November 14, 2025, Meade Communities sent an eviction notice to Ms. Rogers and demanded that she pay her missing rent and late fees from September 1, 2025 through November 30, 2025. ECF No. 1-5. Ms. Rogers still occupies the premises and did not respond to the eviction notice. ECF No. 1 ¶ 14.

Meade Communities initiated its suit in this Court on November 26, 2025. ECF No. 1. The complaint alleged a breach of contract claim. *Id.* ¶¶ 5–15. Ms. Rogers did not answer or otherwise respond to the complaint and has not filed anything in this case to date. The Clerk entered default against Ms. Rogers on April 1, 2026 and notified her that she had thirty days to file a motion to vacate the entry of default. ECF Nos. 7 & 8. No such motion having been filed, Meade Communities filed a motion for default judgment. ECF No. 9.

---

[2] This rate is determined based on the Tenant's duty station and military grade. ECF No. 1-3 at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment under Federal Rule of Civil Procedure 55(b) "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When considering motions for a default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish*, 733 F. Supp. 3d at 373 (quoting *Ryan*, 253 F.3d at 780). If a plaintiff establishes liability under this standard, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Int'l Painters*, 919 F. Supp. 2d at 684. "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (*citing Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010)).

## III. DISCUSSION

Meade Communities is requesting relief under a theory of breach of contract. Under Maryland law, the elements for a breach of contract claim are "contractual obligation, breach, and damages." *SG Maryland, LLC v. PMIG 1024, LLC*, 264 Md. App. 245, 260 (2024). Maryland applies an objective interpretation of contracts. *Level Heating & Air Conditioning v. Patriot Construction, LLC*, Case No. 20-cv-3154-DLB, 2021 WL 5804297, at *4 (D. Md. Dec. 7, 2021) (*citing Sy-Lene of Wash., Inc. v.*

*Starwood Urban Retail II*, LLC, 376 Md. 157, 166 (2003)). "If a contract is unambiguous, the court must give effect to its plain meaning." *Nova Rsch., Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 448 (2008) (*citing Diamond Point v. Wells Fargo*, 400 Md. 718, 751 (2007)).

First, Meade Communities and Ms. Rogers formed a contract. The elements of a contract are offer, acceptance, and mutual consideration. *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004). Meade Communities made a clear offer in its "MHPI Military Member Tenant Lease Agreement" document, which Ms. Rogers accepted by signing each page on December 26, 2024. ECF No. 1 ¶ 2; ECF No. 1-3. Ms. Rogers promised to pay rent every month, in exchange for housing from Meade Communities, which serves as adequate consideration for the agreement. ECF No. 1 ¶ 6; *Cheek v. United Healthcare of Mid-Atl., Inc.*, 378 Md. 139, 148, (2003) ("In Maryland, consideration may be established by showing a benefit to the promisor or a detriment to the promisee") (quotations omitted). Therefore, a valid contract has been established.

Second, Ms. Rogers breached her agreement with Meade Communities. "A breach of contract is generally defined as 'a failure, without legal excuse, to perform any promise that forms the whole or part of a contract.'" *Kunda v. Morse,* 229 Md. App. 295, 304 (2016) (*quoting Weaver v. ZeniMax Media, Inc.,* 175 Md. App. 16, 51 (2007)). Here, Ms. Rogers is occupying Meade Communities' unit without paying, which constitutes a breach of their agreement. *See* ECF No. 1 ¶ 5, 8–9. Therefore, Meade Communities has established liability under its motion for default judgment.

As for damages, as discussed above, the Court must make an independent determination and cannot rely only upon the factual allegations in the complaint but may rely on documentary evidence and affidavits. *See Int'l Painters*, 919 F. Supp. 2d at

684. Under Maryland law, "a party suffering a breach of contract is entitled to recover as damages the amount that would place him in the position he would have been in had the contract not been broken." *Johnson v. Oroweat Foods* Co., 785 F.2d 503, 506 (4th Cir. 1986) (citing *Nat'l Micrographics Sys., Inc. v. OCE-Indus., Inc.,* 55 Md. App. 526, 532 (1983)). Here, the parties' agreement and Meade Communities' balance sheet largely specify the damages that Ms. Rogers owes. The parties' agreement shows that Meade Communities is entitled to any unpaid amount of rent plus late fees equal to 5% of the monthly rent for each month that is late, as well as reasonable attorneys' fees and court costs. ECF No. 1-3 at 17–19. Meade Communities is also entitled to evict Ms. Rogers for breaching the agreement. *Id.* at 17. Meade Communities has provided payment history documents showing that Ms. Rogers made monthly payments to her rent from December 23, 2024 until October 6, 2025 (although the October 6 payment did not account for the late fee accrued in September 2025). ECF No. 9-3. As of April 1, 2026, the date of default, Ms. Rodgers had accrued $17,142.90 in unpaid rent and fees. Meade Communities will be directed to supplement the record to confirm whether additional rent amounts have been incurred and unpaid along with any fees.

Additionally, Meade Communities seeks attorneys' fees and costs. A party seeking an award of attorneys' fees "bears the burden of proof and 'must provide detailed records that specify the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged.'" *Nolet v. APS Sol., Inc.*, Case No. 20-cv-70-GJH, 2021 WL 4502811, at *8 (D. Md. Sep. 30, 2021) (quoting *Osorio de Zavala v. Tortilleria El Volcan*, LLC, Case No. 17-cv-3093-CBD, 2019 WL 2366262, at *8 (D. Md. June 4, 2019)) (internal quotations omitted). Attorneys' fees are calculated using the

lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Where a plaintiff does not present evidence about expended costs or attorneys' fees in pursuit of its claims, the court may, at its discretion, "grant [p]laintiff leave of court to file a motion seeking attorney[s'] fees and costs." *Joe Hand Promotions, Inc. v. Hanaro Bethesda*, Inc., Case No. 11-cv-191-WGC, 2012 WL 2366378, at *8 n.7 (D. Md. June 12, 2012).

Pursuant to the terms of the agreement, Meade Communities sought, in its complaint, recovery of attorneys' fees. ECF No. 1-3 at 19. In its motion for default judgment, Meade Communities does not state whether it is still seeking attorneys' fees and did not submit supporting documentation representing payments to counsel or provide any information about hours worked or hourly rates. ECF No. 9. The Court will grant Meade Communities leave to file a petition for attorneys' fees and costs.

## IV. CONCLUSION

For these reasons, the motion for default judgment (ECF No. 9) is granted in part and reserved in part. Defendants are liable to Meade Communities for breach of contract and thus for compensatory damages. The Court will grant Meade Communities leave to file supplemental briefing attorneys' fees and costs. A separate order follows.

Date: August 13, 2026

***/s/***
Adam B. Abelson
United States District Judge